## NATIONAL CITY BK OF CLEVELAND et v SCHMOLTZ et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14327, 14328, 14329, 14330 & 14331

Decided Oct 29, 1934

Squire, Sanders & Dempsey, Cleveland, McKeehan, Merrick, Arter & Stewart, Cleveland, and H. B. Howells, Cleveland, for plaintiffs in error.

Horwitz, Kiefer, Gates & Harmel, Cleveland, J. W. Eckelberry, Detroit, for defendants in error.

J. C. Reasnor, Cleveland, and S. V. McMahon, Cleveland, amici curiae.

## OPINION

By LEVINE, J.

Error proceedings are prosecuted with a view to reverse the order of the Common Pleas Court refusing these parties the right to become parties defendant, and in appointing trustees without first permitting these certificate holders to set up their claimed rights as set forth in their tendered answers.

In support of the claim of error we are cited to the language of four of the indentures which are substantially the same and which contain a provision that in case of the resignation of the trustee, a successor trustee may be appointed by a certain designated method. We shall quote from two of the declarations of trusts involved in these cases:

1. "The trustee, or any trustee hereafter appointed, may resign and be discharged of the trust created by this instrument by giving four (4) weeks notice thereof to all the beneficiaries by registered letter, directed to the addresses appearing on the books of the trustee, and by publication at least once a week for four (4) successive weeks in one newspaper at any time published in the City of Cleveland, Ohio, and by due transfer of the trust estate as herein required.

In case the said trustee, or any trustee hereinafter appointed, shall resign or otherwise become incapable of acting, a successor or successors may be appointed by the holders of a majority in interest of the beneficiaries, by an instrument or concurrent instruments, signed by them or their attorneys in fact duly authorized. Any trustee resigning or becoming incapable of acting shall resign and transfer the trust estate to its successor, and upon so doing and upon accounting for all funds which have previously come into its possession, such trustee shall be discharged from further liability."

2. "In the event that the trustee or any successor hereafter appointed shall desire to relinquish the trust evidenced by this agreement or that the holders of not less than three-fourths in interest of the certificates shall for any reason desire to change the trustee, the trustee or the holders of not less than three-fourths in interest of the certificates, as the case may be, shall give four weeks notice thereof to all the beneficiaries, either by registered letter sent to their last addresses furnished by them to the trustee, such notice to be deemed to commence with the mailing of said letter or by publication once a week for four weeks in one newspaper published and of general circulation in the City of Cleveland, Ohio. If the holders of a majority in interest of the certificates shall, within two weeks after the expiration of the period of notice above provided, request the trustee in writing to convey the trust estate to a specified trustee who is willing to accept the trust, the trustee shall, upon the making of such conveyance and upon accounting for all funds which have previously come into its possession, be discharged from further liability. In the event of the failure or neglect of the holders of a majority in interest of the certificates to express their choice of a successor within the period above provided the trustee may either choose a successor believed by it to be re-sponsible or may request the Common Pleas Court of Cuyahoga County, Ohio, to do so. Upon conveying the trust estate to a successor trustee appointed by either of the methods above provided and upon accounting for all funds which have previously come into its possession, the trustee shall be discharged from further liability."

The answer of the Guardian Trust Company admits all the allegations of the first, second, third, fourth and fifth paragraphs of the plaintiff's petition except the allegation in the fourth paragraph thereof that the Guardian Trust Company has become incapacitated to act as trustee in accordance with the terms and provisions of the agreement and declaration of trust mentioned in said petition, which said allegation defendant denies.

For further answer the Superintendent of Banks alleges in substance the provisions of the declaration of trusts as to the manner or method of appointing successor trustees and stating further that he desires and intends to resign and be discharged of the trust created by the agreement and declarations of trusts by giving his required notice of his resignation to all the beneficiaries of the trusts and by otherwise observing the requirements of the same with respect to the resignation of the trustee thereunder.

The substance of the Superintendent's answer is that he intends to resign and to comply with the terms of the declarations of trusts as to the election or appointment of a successor trustee or trustees by following the provisions of the declarations of trusts above quoted.

The Guardian Trust Company and the Superintendent of Banks did not prosecute error to the order of the Common Pleas Court.

The interveners claim to be holders of substantial amounts of certificates of interest. In the answers which they tendered, they admit all the facts contained in the petition but allege that the declarations of trusts make provisions for the appointment of a successor trustee by certificate holders. The relief prayed for in the proposed answers is that the Guardian Trust Company be removed as trustee and that the certificate holders be permitted to choose the successor trustee in the manner provided in the declarations of trusts.

The plaintiff's petition prays that the court appoint the successor trustee. The interveners seek to have the successor trustee appointed by the holders of certificates

in accordance with the provisions of the declarations of trusts.

It is claimed by the intervening parties that the action of the court in refusing them the right to file their answers is violative of §16 of the Bill of Rights of the Constitution of Ohio, in that they were prevented from 'having their remedy by due course of law," which has been defined by the Supreme Court to mean that the parties litigant shall have a day in court.

A long line of cases is set forth by plaintiffs in error in support of the contention that the right of the plaintiffs in error to intervene was an absolute right as they claim an interest in the subject matter of the litigation and the refusal to permit the intervention therefore results in the denial of substantial rights.

The Ohio statute on the subject of intervention is §11235 GC, which reads:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plantiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

There can be no doubt that if the parties seeking intervention showed ownership or a lien against the res which is the subject of litigation and he is without remedy elsewhere to protect his rights, the courts should not refuse leave to intervene.

Counsel for plaintiffs in error quote from Perry on Trusts, §287, as follows:

"The person who creates the trust may mould it into whatever form he pleases; he may therefore determine in what manner, in what event and upon what condition the original trustees may retire and new trustees may be substituted. All this is fully within his power; and he can make any legal provisions which he may think proper for the continuation and succession of trustees during the continuance of the trust.

"And vacancies can not be filled in any other way than that named by the grantor, unless in consequence of a statutory provision, or of a failure on the part of the remaining trustees to perform the duty of filling the vacancy, in which case equity will interfere. The power to appoint new trustees in place of the original ones can only be given by the author and creator of the trust."

There seems to be a modification of the rule herein enunciated. Quoting from In Re: Estate of Beckwith v Cooper, 258 Ill. App. 411, the court said:

"* * * where the creator of a trust has, by express terms, conferred the power of appointment of successor trustees upon another, it can be exercised in no other way, except by a court of competent jurisdiction to prevent a failure of the trust or of its purposes."

Authorities are not wanting as to the inherent power of a court of equity over the appointment and removal of trustees. Pomeroy on Equity Jurisprudence, §1086:

"The power of courts of equity over the removal and appointment of trustees, independently of any statutory authority, or any directions in the instrument of trust, is well established. This power is confined to cases of actual express trusts * * *. A court of equity may remove a trustee on his own application * * * and it may and will remove a trustee who * * * has become insolvent, or is incapable through age or other infirmity of performing the trust duties."

It seems to us quite apparent that while a court of equity recognizes that the wishes of the creator of the trust as expressed in the trust instruments, are to be taken into consideration, yet such wishes may be outweighed by other motives, namely, the interests of all the beneficiaries and the effectual performance of the trusts.

Sec. 1087 Pomeroy on Equity Jurisprudence, states:

"Even where the power of appointment is conferred by the instrument in trust upon an individual, a court of equity may control its execution so as to prevent an abuse of discretion."

The record in these cases discloses that the very contention set forth in the proposed answers of plaintiffs in error, was fully urged in the answer of the liquidator of the Guardian Trust Company and that a reference was made to the provisions of the declaration of trusts which set forth the method of appointing a successor trustee. Upon the pleadings already filed the question was clearly before the court. The record discloses that the court may make various suggestions, first, that a master be appointed to canvass the wishes of all the certificate holders. The liquidator of the Guardian Trust Co., opposed this sugges-

tion. Next, the court invited all the parties participating, including counsel for plaintiffs in error, to agree upon a nominee for trustee or upon a plan for choosing a trustee. This plan was opposed by the parties and the court then offered to appoint one or another of the plaintiffs in error as co-trustee, with an individual to be selected, which met with a like refusal. It was then that the court chose successor trustees.

In theory, all of these plaintiffs in error were already parties to the suit by representation as the defendant in error brought the action in her own behalf and in behalf of all other certificate holders.

Counsel for these intervening parties not only were permitted to take part in the discussion but actually did take part in all of the discussions which took place.

There may be much potency to the suggestion that the provisions of the declaration of trust as to the appointment of successor trustees are merely permissive and not mandatory or exclusive.

In the above quoted provisions of the several indentures of trust we find the language:

"In case the said trustee * * * shall resign or otherwise become incapable of acting, a successor may be appointed by the holders of a majority in interest * * *."

And in the second trust instrument we find a similar provision.

It may well be urged that the language above cited does not intend to exclude or oust a court of equity of its jurisdiction to appoint a successor trustee but merely permits the certificate holders to make the appointment without affecting the inherent power of the court over trustees and trusts.

Assuming for the sake of argument that the language found in these several instruments of trust are mandatory and exclusive, in their character, we are of the opinion that this power of appointment conferred upon the holders of certificates must be exercised within a reasonable time; that on failure to exercise the same within a reasonable time it becomes the duty of a court of equity, the guardian and protector of all trust funds, to make the appointment. More than a year elapsed since the Superintendent of Banks took charge of the business and property of the Guardian Trust Company. The Guardian Trust Company as such no longer had any officers or acting directors or trust committee with authority. The custodian of the trusts at the Guardian

Trust Company became the Superintendent of Banks. He, however, is not the trustee of any of the trusts either by virtue of his office, Superintendent of Banks, or otherwise.

Immediately when the Superintendent of Banks seized the business and property of the Guardian Trust Company, the trustee became incompetent to act and the certificate holders became vested with the rights expressed in the declaration of trusts to choose by a majority vote a successor trustee. None of the certificate holders including these plaintiffs in error made any move as to any of the five trusts involved in this action, to exercise the power of appointment granted to the certificate holders. It seems to us that the defendant in error had no other remedy but to apply to a court of equity to take cognizance of the situation and to put a competent trustee in charge.

"Where the donees of the power of appointment fail to exercise it, equity will interpose itself and make the appointment." Hill on Trustees, page 188.

In re: John's Will, 30 Oregon, page 494.

It will be noted in this connection that the very declarations of trusts which provide for the method of selection of a successor trustee by a majority in interest of the certificate holders also provides that certificate holders should not have access to the names of other fellow certificate holders and which names were in the sole possession of the trustee bank. The record shows that the Superintendent of Banks maintained the policy of not permitting certificate holders to find out who the other certificate holders were. Should the defendant in error have chosen to notify all the certificate holders of the stringency of the situation and of the need for the selection of a successor trustee she could not have accomplished her purpose because of the policy of the Superintendent of Banks in not permitting certificate holders to find out who the others were.

We are of the opinion that this power vested in the majority of the holders in interest of land trust certificates is at least subject to the implied condition that such power shall be exercised within a reasonable time. That on failure to so exercise said power within a reasonable time, the attention of a court of equity may be directed to the situation and that such court may, under certain circumstances, appoint the successor trustee.

"The power of courts of equity over the removal and appointment of trustees independently of any statutory authority or any directions in the instrument of trust, is well established."

Pomeroy on Equity Jurisprudence, §1086.

It is quite true that wherever practicable the court should heed the wishes of the instrument of trust and of the parties beneficiary to said trust. However, when a long period of time has elapsed and none of the parties made any move to remedy a stringent situation, such as existed in this case, any one of the beneficiaries under said trust may assert himself by filing a petition in Common Pleas Court, invested as it is with equity power and pray for the appointment of a successor trustee.

The plea made by other holders of land trust certificates that they are now ready to act under the provisions of the declaration of trust, and to select a successor trustee, by the method therein designated, comes, in our opinion, at a rather late period. Had they acted within a reasonable time there would have been perhaps no need for the court's intervention. The need for the court's intervention arose because of the failure under said instrument of trust to take the necessary action for the appointment of a successor trustee. The condition created by the liquidation of the Guardian Trust Company, trustee of these five respective trusts, the seizure of all of these properties by the Superintendent of Banks of the State of Ohio, gave rise to a stringent situation which called for prompt action. The Common Pleas Court finding as it did that the other beneficiaries were dilatory in the exercise of their power, acted upon a paramount duty when it removed the Guardian Trust Company as trustee and when, it appointed successor trustees.

Perhaps the only excuse the other certificate holders could offer for failing to act was that they encountered the same difficulty which defendant in error encountered, namely, the adherence to the policy of not permitting certificate holders to scan the list of other certificate holders in order to find out who they were and that therefore the exercise of the power conferred upon the certificate holders became practically impossible of performance.

Despite the inactivity of the interested parties, including these plaintiffs in error, the court permitted counsel for the plaintiffs in error to participate in all the discussions, made various suggestions as to the method of appointing a successor trustee with a view of abiding as far as possible by the wishes of other certificate holders. All of these suggestions made by the court were refused. The reason assigned for the refusal was the contention of plaintiffs in error that they have an exclusive contractual right under the indentures of trust to appoint a successor trustee by the method therein set forth and without interference even by the court.

If the plaintiffs in error are entirely correct in their contention, yet there must be attached to the exercise of that power contended for by them the implied condition that the same must be exercised within a reasonable time. A court of equity will not permit a trust to fail for want of a trustee. If those possessed of the power of appointment of a successor trustee fail to act within such reasonable time, a court of equity in order to protect the trust fund or trust properly must make the appointment.

The successor trustees appointed by the court are members of the Bar of very high standing. Their competency and integrity are conceded by all parties and therefore no question is raised as to the propriety of selecting the particular successor trustees.

Holding as we do to these views, we find no error in the order of the Common Pleas Court. Judgment is affirmed.

LIEGHLEY, PJ, concurs in judgment. McGILL, J, dissents.

### SUPPLEMENTAL OPINION

There are fifteen cases on appeal, five of which were perfected by each of these three banks from the order overruling the motion for leave to intervene in each case below. These fifteen appeal cases are dismissed for the reason that no appeal lies from said order and this court is without jurisdistion to entertain same.

Also there are fifteen appeal cases, five of which were perfected by each of these banks from the final entry in each of the five cases below. These appeals are dismissed for the reason that said banks were not parties to the proceeding and for that reason this court is without jurisdiction to entertain same.

LIEGHLEY, PJ, LEVINE and McGILL, JJ, concur in judgment.